JONATHAN BLACKMORE, Appellee,
*against*
DAVID PAGE, Appellant.

ACTION on book account.

The plaintiff filed his declaration in the County

*Vermont* Stat. vol. 1. p. 92, 93.

Court, *Manchester June* term, 1800, under the 93d section of the judiciary act, and demanded 83 dollars to balance book accounts.

If a plaintiff declare upon a promissory note, and the defendant files a declaration on book account, under the 93d section of the judiciary act, it is no sufficient bar to such declaration, that the items in such book account were received by the plaintiff in pursuance of

The defendant prayed *oyer* of the book account, which was read to him.

The account exhibited sundry items of book charges, for stone, brick, rails, masons' work, days' labour, and work with cattle, commencing *March* 15th, 1796, and concluding *October* 18th, following;

Which being heard and read, the said *Page* defends, pleads, and says, that he ought not to account with him the plaintiff, because he says, that the aforesaid articles, property, and labour, shown in *oyer* as

an agreement by which the amount of them was to be allowed on the promissory note, as the statute object in filing the declaration on book account is merely to liquidate the account, that the judgment recovered under it may be pleaded in set-off to the plaintiff's demand upon the promissory note.

6

aforesaid, were done, had, and delivered, in pursu-
ance and in consideration of a certain lease or agree-
ment made and executed at *Pawlet*, in *Rutland*
County, by and between the plaintiff and defendant
in writing, bearing date the 9th day of *June*, 1796,
subscribed with the proper hands of the plaintiff and
defendant, and then and there delivered to the plain-
tiff, in and by which said writing it was agreed, by
and between the plaintiff and defendant, that the de-
fendant should, and thereby did, lease, rent, and to
farm let to the plaintiff his the defendant's then farm
or lot of land lying in *Pawlet* aforesaid, together with
the buildings thereon standing, for the term of one
year from the first day of *April*, 1796, to be fully
completed and ended, the plaintiff yielding and pay-
ing to the defendant the yearly rent of 73 dols. 33 cts.
the payment of which said sum of money was then
and there secured by the plaintiff to the defendant
by his the plaintiff's promissory note in writing then
and there executed and delivered by him the plaintiff
to him the defendant; and it was then and there fur-
ther accorded and agreed by the plaintiff and de-
fendant, in and by said written agreement, that the
plaintiff should occupy and use the said farm ac-
cording to the rules of good husbandry, and make
necessary fences and repair the buildings thereon,
so far as to make them comfortable and conve-
nient, and in consideration of such repairs having
been made and done by the plaintiff, the plaintiff to
be allowed and paid a reasonable sum as price there-
for, in part payment of the note given as aforesaid to
secure the payment of the rent aforesaid, when there-
unto requested, as by said written agreement in the

hands and possession of the plaintiff, appears; and the defendant avers, that said note of hand still remains unpaid and unsatisfied, and that all of said articles and services were had and delivered only in pursuance of said agreement, and the defendant has ever been ready to allow a reasonable sum to the plaintiff for the said materials and services, according to the tenor and effect of the agreement made and entered into as aforesaid, and this he is ready to verify, and thereof prays judgment if the defendant ought to account with the plaintiff in manner and form aforesaid, and that he may have his costs.

To this plea plaintiff demurred, and the County Court rendered judgment in his favour.

The cause came by appeal to this Court, and after several imparlances, the demurrer was argued and decided the present term.

Counsel for the demurrant. This is not an action of account against the defendant as our bailiff and receiver, which has gone into disuse in *England*, and seldom used with us, and therefore not subjected to any rules of practice, or decisions applicable to such actions; but it is an action *sui generis*, founded upon our statute law. We can therefore obtain no light from the *English* authorities, as the decision must depend entirely on the true construction of our own statute.

This is a declaration filed by the present plaintiff in the County Court on book account, in order to obtain a liquidation of his account, that the judgment in his favour might be pleaded in set-off to a demand, for the recovery of which an action was then pend-

ing in the same Court in which the present plaintiff was defendant, and the adverse party plaintiff.

This process grew out of our statute of offset. By the construction of that statute, a book account could not be pleaded in set-off to an action of the nature of that then pending; to remedy which the Legislature provided, by the 93d section of the judiciary act, " that if any action shall be pending in either of the Courts aforesaid, and the defendant or defendants shall have any just demand *on book* against the plaintiff or plaintiffs, which cannot be pleaded as an offset as aforesaid, it shall be lawful for such defendant or defendants, on or before the third day of the first term of the Court in which by law he, she, or they, is or are required to appear, to file in the same Court in which such action shall be pending as aforesaid, a declaration setting forth the nature of such demand, according to due form of law; which declaration so filed shall be sufficient notice to the adverse party to appear and answer thereto; and the Court in every such case shall proceed to the trial on such declaration previous to the trial of the original action; and if the defendant shall recover on such declaration, the sum so recovered shall be pleaded as an offset against the original plaintiff's demand, as is above provided; and if the defendant or defendants, filing such declaration as aforesaid, shall fail to substantiate or prosecute the same to effect, the plaintiff or plaintiffs in the original action shall be entitled to recover twelve per centum per annum interest thereon as damages occasioned by such delay, and single or double costs, in the discretion of the Court before which such original action shall be finally determined; and at the time of filing such declaration,

*Blackmore* v *Page.*

*Vermont* Stat. vol. 1. p. 92, 93.

such defendant or defendants shall become recognised before the Court for the prosecution of such declaration, in such sum as the Court before which the original action is pending shall direct.

" Provided always, that the defendant or defendants, in such declaration on book, shall on motion be entitled to one continuance of the same action, and the same proceedings shall be had thereon in all things, as though such action had been entered in Court in the usual form."

But the plea in effect says, that we shall not have the privilege of this statute provision; for that the materials and services charged on our book as exhibited in *oyer*, are included in a special agreement in writing between the parties, and the amount by such agreement is to be applied in payment towards the discharge of the promissory note made for the rent of the farm mentioned in the written agreement.

We do not wish to apply the judgment to be obtained on our book account otherwise. Our object in filing this declaration is not to avoid our contract, but merely to liquidate our account, that we may be better enabled to fulfil it; for the action pending in the County Court, which enabled us to file the present declaration, is brought upon the same promissory note comprehended in the agreement as set forth in the defendant's plea.

When the then plaintiff brought his action on this promissory note, how should we have shown that we had carried the contract into effect on our part? Would the Court have permitted us to have pleaded an unliquidated account in discharge? If we had attempted to have shown it in payment of the note under the general issue, would the Jury have audited

our account? or were we not obliged to file this de-   <span style="float:right">Blackmore<br>v<br>Page.</span>
claration preparatory to a plea in offset?

It will be observed, that when we recover our
judgment, it can be applied in no other way than in
offset to the original plaintiff's demand, contained in
the promissory note. When we obtain a judgment,
we cannot have execution on such judgment. It can
only be applied in set-off to the now defendant's de-
mand, made in his action pending.

If the plea is sufficient, and our present action con-
sequently quashed, the same plea will be always
good, and how are we ever to recover?

It will be noticed, that our demand on book is 83
dollars, and the defendant's promissory note but 73
dols. 33 cts. If we could have shown our book ac-
count in payment of the note, what should have been
done with the balance in our favour? Could we have
recovered that otherwise than by the operation of a   *Vermont* Stat.
plea in offset, the verdict in which case shall be such   vol. 1. p. 92. s.
sum or sums as shall be found in arrear from either   92.
party,


*Langdon, e contra.* Parties have a right to make
their own contracts, and so to modify them as to
take them out of any statute provision. The whole
object of the common and statute law is to carry the
designs of the parties to a contract into effect. In
implied contracts the law will appear to a superficial
observer to impose something not included in such
contracts; but its object here is merely to carry the
designs of the parties into effect, the law raising a
presumption, that the parties have done what the rea-
son of the thing required them to do, according to
the common principles of justice; *ex gratia,* when

goods are sold and delivered, though no express promise can be proved, the law presumes that the purchaser engaged to pay for them at a fair price. So, when money is to be paid, or specific articles delivered, and no time of payment, or place of delivery, is expressly stipulated, the law will presume that the parties agreed on the most reasonable time and place. So, if one sells another goods, or labours for him, and charges the same on book, the law will presume a promise in the purchaser to pay for them, and an action will lie either of *insimul computassent* at common law, or upon our statute.

Vermont Stat.
vol 1. c. xviii.
p. 236.

But if the parties, aside of this, will make a special contract, especially if they reduce it to writing, the law will carry their contract into effect; not according to the rules of right reason, or the common principles of justice, but agreeably to their own express stipulations.

The defendant here leased his farm to the plaintiff for a year. The plaintiff gave him his promissory note for the amount of the rent. Repairs were necessary to be made on the farm, and they contracted that the tenant should make such repairs, and be allowed the expense out of the promissory note. The defendant must have made some memorandum of the work and materials done and expended in the repairs. He has done this on his day-book; but it is still not a book account; or if it be considered as a book account, it is not within the purview of the 93d section of the judiciary act. The words of the statute are, " that if any action shall be pending, &c. and the defendant or defendants shall have any just demand on book against the plaintiff or plaintiffs, *which cannot be pleaded as an offset as aforesaid,* it shall be lawful for

such defendant or defendants, on or before the third day of the first term of the Court in which by law he, she, or they is or are required to appear, to file in the same Court a declaration." Here it is apparent that it is not all demands on book indiscriminately upon which declarations may be filed, but only such as cannot be pleaded in offset.

We contend that this is not such a demand as a declaration might be filed upon it and pleaded in offset;

First. Because the parties had agreed by special contract in writing, that it should operate, not as an independent demand of the present plaintiff's, but should be especially applied to the discharge of the promissory note.

Secondly. That it might have been shown in payment of the note, under some issue carved out of the suit upon it.

And this is the ground of our plea. We expected to have met this demand, and were disposed to allow the amount actually due towards the discharge of the promissory note; but the present plaintiff has exposed us to the costs of another suit by filing this declaration.

Further, if our plea is overruled, and judgment against us to account, auditors must be appointed, and before them the plaintiff may substantiate his book charges by his own oath under the statute. This was no part of our contract. Therefore it is not the mere liquidation of the account we oppose, but the expensive and tedious mode of effecting it.

It is said the plaintiff's demand surmounts our promissory note, and if he had shown it in payment,

Blackmore
v.
Page.

*Vermont* Stat. vol. 1. c. xviii. p. 236.

it is inquired, what would have become of the surplus?

It will be observed, that, deducting those charges in the account, under date anterior to the lease, there will not remain sufficient to discharge the note and interest accruing upon it.

If it should be replied, that if such be the case there is then a part of the plaintiff's account independent of the contract, and so the action may be maintained, we remark, that such part will not amount to a sum within the jurisdiction of the Court; for it never has been contended, that a party might file a declaration on book account for a sum of which a Justice of the Peace has exclusive jurisdiction.

It is further inquired, in what mode the present plaintiff shall recover his demand, if our plea is ruled sufficient, and his action be quashed? The answer is obvious. Our action upon the promissory note has been suspended by the filing the present declaration, and is now pending, and open to all advantages on the side of the defendant; and the present plaintiff will have an opportunity of doing what he ought to have done, aside of filing this declaration, to wit, setting forth the contract, and pleading his account in fulfilment.

Plaintiff's counsel. The agreement set forth in the plea is not under seal, and can operate no further than a mere permission by the defendant, that the plaintiff should enter upon and continue in possession of his farm; but to make the case stronger, grant that the contract had been under seal, yet it is laid down in the books, " that if a man by obligation acknowledges that he has received money *ad proficiendum*

*et compu andum,* the obligee may either sue for the
bond, or have an action of account at his election."
*Bacon's Abridgment,* vol. 1. p. 56.    And by parity of
reasoning, the obligor may in such case plead the ful-
filment of the covenants, or have an action of ac-
count.

In the present case, the plaintiff had yielded in re-
pairs a greater sum than the amount of the rent, and
we have inquired in what mode he should have reco-
vered the surplus, if he had relied upon the contract,
and given this account in fulfilment.    It is replied,
that some charges in our account are anterior to the
lease, and might have been reserved for a separate
action.    It will be noted, that the contract bears date
the 9th of *June,* 1796, and that it recognises a lease
commencing the 1st of *April* preceding, and the first
item in our account is charged on the 15th of *March*
still preceding ; so that a great part of our account is
anterior to the contract.

If the defendant intended to rely on the contract,
he should have declared upon it in the *suit pending,*
in lieu of which he has declared upon the promissory
note without proferting any written agreement in
which the note was included.    Therefore if we have
mistaken our remedy by filing this declaration, the
defendant, when plaintiff, led us into the mistake
by stepping aside from the written agreement him-
self, and declaring simply upon the promissory note ;
and " no man shall take benefit of his own wrong."

But we rest securely on the fair construction of the
statute, which enables every defendant, in an action
upon bond, bill, note, or other contract, who shall
have any demand on book against the plaintiff, to file
his declaration, and in due course of law to obtain

the liquidation of his account, in order to plead it in offset to the plaintiff's demand.

It is said this mode exposes the original plaintiff to costs. Whether he will be saddled with the costs arising under this declaration, is to be hereafter decided. If we cannot substantiate our account, the statute gives the original plaintiff 12 per cent. interest on the amount of his demand, and taxes us with double costs in the discretion of the Court as a recompense to him for the delay, and a mulct upon us for our false clamour. If, on the other hand, we obtain judgment upon our account, and upon the trial in offset it should appear that the plaintiff in the original suit is in arrear to us, he ought justly to be saddled with the costs arising under this declaration, for his indiscretion in instituting a suit upon a promissory note, which had been more than paid.

Judgment: Plea in bar insufficient, and that defendant do account. Auditors appointed.

*Robinson*, *Fay*, and *Israel Smith*, for plaintiff.
*Langdon* and *Darius Chipman*, for defendant.